REQUESTED BY: Kathryn Piller Nebraska State Board of Education Member
You have posed the following question to us:
 I am requesting an opinion about if a Nebraska State Board of Education Member can hold a job in education in another state and still hold an elected position on the board as well as run a campaign for election to the board.
Our response to your question is set out below.
Your inquiry presumably grows out of art. VII, § 3 of the Nebraska Constitution which states, as is pertinent:
 The State Board of Education shall be comprised of eight members, who shall be elected from eight districts of substantially equal population as provided by the Legislature. . . . The members of the State Board of Education shall not be actively engaged in the educational profession and they shall be elected on a nonpartisan ballot.
As a result, the Nebraska Constitution specifically provides that persons who are "actively engaged in the educational profession" may not serve on the State Board of Education (the "Board"). You wish to know if that prohibition extends to active engagement in the educational profession in another state as well as to such employment in the State of Nebraska.
We have found no Nebraska case law which deals directly with the issue you have raised, and there is little Nebraska law which deals in any way with the constitutional provision at issue. Consequently, we must review your question and art. VII, § 3 in light of general rules of constitutional construction.
On one hand, constitutional provisions are not open to construction as a matter of course, and construction of a constitutional provision is appropriate only when it has been demonstrated that the meaning of that provision is not clear, and construction is necessary. State ex rel. Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403 (1991). In that regard, the words and terms of a constitutional provision are to be interpreted and understood in their most natural and obvious meaning, unless the subject indicates or the text suggests that they have been used in a technical sense. Hall v. Progress Pig Inc., 259 Neb. 407, 610 N.W.2d 420 (2000); State ex rel. Douglas v. Beermann, 216 Neb. 849, 347 N.W.2d 297 (1984). With those rules in mind, it seems to us that it could be argued that art. VII, § 3 means precisely what it says, and members of the Board simply may not be active as educational professionals, no matter where they are employed in that capacity.
On the other hand, in determining the meaning of language of the Constitution, it is permissible to consider the facts of history, and helpful to consider, in connection with the historical background, the evil and mischief attempted to be remedied by the constitutional provision, the objects to be accomplished, and the scope of the remedy its terms imply. Pig Pro 'Nonstock Co-op v. Moore, 253 Neb. 72,568 N.W.2d 217 (1997). Moreover, provisions in constitutions and statutes imposing qualifications for office should receive a liberal construction in favor of the right of the voters to exercise freedom of choice in the selection of officers, and in favor of those seeking to hold office.[1]
67 C.J.S. Officers § 17 (1978). In that context, it appears to us that one obvious object of the prohibition in art. VII, § 3 is to prevent educational professionals from being in a position to rule administratively over the conduct of their own livelihood in Nebraska B in essence, to prevent a conflict of interest. For example, an educator employed by a particular school district in Nebraska who also served on the Board might be in a position to act in some way on the educational standards adopted by that district or the school aid afforded that district. In contrast, an educational professional employed in another state would not be in a position to act directly on matters affecting that person=s district, and under those circumstances, any potential conflict which might exist in connection with the person=s service on the Board would be lessened. On that basis, we believe that it may be argued that art. VII, § 3 does not prohibit a person who is actively involved in the educational profession in another state from service on the Board.
In sum, given the dearth of Nebraska law in this area, we cannot say that there is any clear and definitive answer to the first question you posed to us, or any clear and definitive prohibition on a person=s service on the Board while that person is actively employed as an educational professional in another state. Resolution of those issues will necessarily await further direction from our courts.
Your second question goes to whether a person may be employed as a professional educator in another state and still run a campaign for election to the Board. We are unaware of any legal impediment to maintenance of a campaign under those circumstances, so long as the person is ultimately qualified to assume a position on the Board at the commencement of his or her term, in the event that he or she is elected.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________ Attorney General
[1] The Nebraska Supreme Court has also indicated generally that constitutional provisions should receive an even broader and more liberal construction than statutes, and constitutions are not subject to rules of strict construction. University Police Officers Union, Intern. Broth. of Police Officers, Local 567 v. University of Nebraska, 203 Neb. 4,277 N.W.2d 529 (1979).